# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

Shirley R.,

      Plaintiff,

v.

                                    Case No. 1:18-cv-00429-JVB

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

## OPINION AND ORDER

Plaintiff Shirley R. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

## A. Overview of the Case

Plaintiff applied for disability insurance benefits under Titles II and XVI. In her application, Plaintiff alleged that she became disabled on August 13, 2007. (R. at 21.) After a hearing in 2017, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of degenerative joint disease of the right knee and degenerative disc disease/spondylosis. (R. at 24.) The ALJ found that Plaintiff is unable to perform any past relevant work. (R. at 30.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 31.) Therefore, the ALJ found her to be not disabled from August 13, 2007, the alleged onset date. (R at 32.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed three reversible errors: the ALJ erred in failing to evaluate Plaintiff's depressive disorder, the ALJ improperly evaluated Plaintiff's subjective symptoms, and the ALJ failed to consider evidence that her condition deteriorated after the state agency medical consultant reviewed her case.

**(1) Mental Impairments**

Plaintiff asserts that the ALJ fatally erred in failing to discuss her depression or acknowledge it as an impairment. Plaintiff relies on a diagnosis from a nurse practitioner to support her assertion that the ALJ should have considered her depression as a medically determinable impairment. (R. at 854–55.)

At step two of the evaluation, the ALJ must determine whether a Plaintiff has a medically determinable impairment before assessing the severity of the impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 416.920(a)(4)(ii), 416.921. A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. §§ 416.921, 404.1521. For all claims filed prior to March 27, 2017, a nurse practitioner is not considered an acceptable medical source. 20 C.F.R. §§ 404.1502(a), 416.902(a); *see also Turner v. Astrue,* 390 F. App'x 581, 586 (7th Cir. 2010) ("A nurse-practitioner … is not a 'treating source.'"). However, opinions and evidence from medical sources that are not "acceptable medical sources" are to be considered as well. The Social Security Administration recognizes that as healthcare evolves, medical professionals who do not qualify as "acceptable medical sources" are providing treatment and evaluations that would have been provided by "acceptable medical sources" in the past. SSR 06-02p, 2006 SSR LEXIS 4, 2006 WL, at *3.

Although a nurse practitioner is not an acceptable medical source, information from a nurse practitioner "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 SSR LEXIS 5, at *5, 2006 WL 2329939, at *2. An ALJ may consider medical evidence from non-acceptable medical sources using the same factors that apply to acceptable medical sources in §§ 404.1527(c)(1)-(6), 416.927(1)-(6). *See* 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1). The regulations further explain to what extent the ALJ must explain the weight given to evidence from a non-acceptable medical source. An ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2).

Here, the ALJ failed to discuss the nurse practitioner's report or any of the evidence related to Plaintiff's depression diagnosis. On March 10, 2017, the nurse practitioner administered a depression screening tool, the PHQ-9. (R. at 854–55.) Plaintiff's score of 20 is indicative of severe depression. *Id.* The nurse practitioner then diagnosed severe major depression and prescribed Lexapro, which is used to treat anxiety and depression. (R. at 856.) This appointment occurred after the hearing, but prior to the ALJ's decision in August 2017. (R. at 18.) The ALJ failed to address this evidence, and therefore the Court cannot conduct meaningful review with regards to this opinion. It is impossible for the Court to be assured that the ALJ properly discounted the nurse practitioner's opinion if the ALJ fails to at least minimally articulate his reasoning.

Moreover, the ALJ failed to discuss any evidence of Plaintiff's depression. The Commissioner asserts that Plaintiff failed to establish that her depressive disorder was a

medically determinable impairment. The Commissioner makes a variety of assertions as to why the ALJ properly ignored this evidence, none of which are apparent in the ALJ's decision. This is impermissible *post hoc* rationalization, as the rationale of the Commissioner was not considered or used by the ALJ. *See Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace.").

While it is possible that the ALJ may have discounted the evidence of depression for the right reasons, the Court cannot conduct meaningful review where the ALJ fails to discuss the information in any way. Plaintiff reported that her pain management provider told her to discuss the fact she was smiling and tearful in the same visit with her other doctors. (R. at 854.) Depression was included as a medically diagnosed impairment in other records from both her orthopedic doctor and her neurologist. (R. at 884, 850–51.) Moreover, her neurologist also noted mood disturbance in one visit, and a sudden unprovoked burst of laughter during another visit, where he diagnosed pseudobulbar affect.[1] (*Id.*) It is impossible for the Court to determine if the ALJ properly analyzed Plaintiff's depression to determine it was not a medically determinable impairment, because the ALJ did not discuss the evidence of depression or the testing done by the nurse practitioner in the decision.

**(2) Other Issues**

---

[1] Pseudobulbar affect is a condition "characterized by episodes of sudden, uncontrollable and inappropriate episodes of crying or laughing." *See* https://rarediseases.info.nih.gov/diseases/12012/pseudobulbar-affect (Last visited October 3, 2019). "It typically occurs in people with certain neurological conditions or injuries that affect the way the brain controls emotion." *Id.*

Plaintiff also raises additional issues regarding subjective symptoms and the RFC. Because the ALJ erred in failing to analyze any evidence of depression, remand is appropriate. Proper analysis of the evidence may alter the rest of the ALJ's decision. The Court remands this case due to a failure to discuss any evidence of depression.

**(E) Conclusion**

The ALJ erred in failing to discuss the evidence regarding Plaintiff's depression. For these reasons, the court remands the case for further consideration.

SO ORDERED on October 22, 2019.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE